**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

**JOHNNY ROBINSON, SR. and MILDREDNIA
ROBINSON, Individually and as Parents and Next
Friends of Jadonta Robinson, a Minor,**
                                **Plaintiffs,**

**-vs-**                                                                           **Case No. A-09-CA-640-SS**

**HILLCREST BAPTIST MEDICAL CENTER,
THE UNITED STATES OF AMERICA,
CAROLE GORDON, M.D., and CAROLE L.
GORDON, M.D., P.A.,**
                               **Defendants.**

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Hillcrest Baptist Medical Center ("Hillcrest")'s Motion to Transfer Case to the Waco Division [#18], Plaintiffs Johnny Robinson, Sr. and Mildrednia Robinson ("Plaintiff")'s response thereto [#19], and the United States of America (the "Government")'s response thereto [#20]; Defendant Carole Gordon M.D. and Carole L. Gordon, M.D., P.A. ("Dr. Gordon")'s Motion to Change Venue [#22], Plaintiffs' response thereto [#23], the Government's response thereto [#25], and Dr. Gordon's reply [#26]. Having considered the aforementioned documents, the case file as a whole, and the applicable law, the Court enters the following opinion and orders.

## BACKGROUND

**I.   Factual Background**

    **a.   General Facts**

This cases arises out of a medical procedure performed on J.R., a minor. In July of 2007, J.R. was circumcised by Dr. Jorge Edward Sanchez, who was assisted by Nurse A. Moody, at Hillcrest Baptist Medical Center. Compl. at ¶ 10. Immediately following the procedure, heavy bleeding was observed. *Id.* Dr. Jason Medina and Dr. Floyd Berry, Dr. Sanchez's attending physician, were called to consult. *Id.* Dr. Medina contacted Dr. Carole Gordon, a general urologist, to examine and treat the circumcision injury. *Id.* J.R. remained in the hospital for about three days, and was followed by Dr. Gordon over the next several weeks. In October 2007, J.R. was referred to a pediatric urological surgeon, Dr. Warren Snodgrass. *Id.* Dr. Snodgrass attempted to treat the injury medically, but when that failed, he decided to attempt to surgically repair the problem. *Id.* The surgery took place in April 2008. *Id.* During the surgery, it was apparently discovered the actual problem was the total absence of the *glans penis*. *Id.* The entire *glans penis* had apparently been amputated by Dr. Sanchez, but this fact either had not been recognized or had not been conveyed to J.R.'s parents by the physicians who had previously treated J.R. *Id.* Accordingly, Plaintiffs (who are J.R.'s parents), brought suit individually and as next friends of J.R., alleging negligence under the Federal Tort Claims Act.

    **b.   Venue Facts**

Plaintiff Mildrednia Robinson, J.R.'s mother, and J.R. have been residents of Travis County, Texas since August 1, 2009. *See* Pl.'s Resp. [#19] at Ex. A ("M. Robinson Aff."); Ex. B (copy of Lease Agreement for M. Robinson's residence in Pflugerville, Travis County, Texas); Ex. C (copies

of utility bills sent to same address). This suit was filed on August 25, 2009. Thus, Mildrednia and J.R. Robinson were residents of the Western District of Texas, Austin Division, at the time of filing this suit.

Defendant Hillcrest has its principal location (and only two campuses) in Waco, McClennan County, Texas. Def.'s Mot. Transfer [#18] at Ex. A ("Burleson Aff."). Hillcrest has no employees or offices in the Austin Division. *Id.* The individual defendant, Dr. Gordon, is also a resident of and practices medicine in McLennan County, Texas. *Id.*; *and see id.* at Ex. B (Texas Medical Board listing of Dr. Gordon's address in Waco, Texas). Dr. Snodgrass, the physician who ultimately operated on J.R., practices in Dallas, Texas.

The Government has filed a motion indicating it has no objection to transferring this case to the Waco Division of the Western District of Texas. *See* Gov.'s Resp. [#20].

**ANALYSIS**

**I.      Standard for Transfer under § 1404(a)**

Defendants move to transfer this case for the convenience of parties and witnesses under 28 U.S.C. § 1404(a). Section 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Duren v. Barrack*, 376 U.S. 612, 622 (1964)). Because a plaintiff has the privilege of choosing the venue in which to file, the defendant bears the burden of proving a transfer of venue would be "clearly" more convenient for the parties and witnesses, and would be

in the interest of justice. *See In re Volkswagen of Am. Inc.*, 545 F.3d 305, 315 (5th Cir. 2008) ("*In re Volkswagen II*"); *Schexnider v. McDermott Int'l, Inc.*, 817 F.2d 1159, 1163 (5th Cir. 1987) ("[t]here is ordinarily a strong presumption in favor of the plaintiff's choice of forum that may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum.").

The preliminary question under § 1404(a) is whether a civil action "might have been brought" in the destination venue. *Id*. at 312. After determining the suit could have been filed in the destination venue, the Court weighs the parties' private interests in convenience and the public interest in the fair administration of justice. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1974). The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."[1] *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*") (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n. 6 (1981)). The public interest factors include (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws. *Id.* Although these private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 314-15.

---

[1] The Fifth Circuit has stated the location of counsel is irrelevant to the venue analysis and an improper factor for courts to consider. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003).

## II.     Discussion

### a.     Destination Venue

The Court turns first to the preliminary question of "whether the suit could have been filed originally in the destination venue." *See In re Volkswagen II*, 545 F.3d at 515. Venue for claims brought pursuant to the Federal Tort Claims Act, such as the present one, is appropriate in a district where the plaintiff resides or where the act or omission at issue occurred. *See* 28 U.S.C. § 1402(b). Because it is undisputed the act or omission at issue in this case occurred at Hillcrest Baptist Medical Center in Waco, Texas (within the boundaries of the Waco Division), this dispute could have properly been brought in the Waco Division.

### b.     Private Interest Factors

Again, the private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen I*, 371 F.3d at 203.

#### *(1) Relative Ease of Access to Sources of Proof*

Although technological advancements have rendered the first factor somewhat less significant, it is not superfluous; in fact, the Fifth Circuit has recently reiterated that the sources of proof requirement remains a meaningful factor in the venue change analysis. *Id.*; *In re Volkswagen II*, 545 F.3d at 316. The alleged negligence at the center of this dispute occurred at Hillcrest, in Waco. It is undisputed Hillcrest's principal location and only two campuses are located in Waco. *See* Burleson Aff., ¶ 2. Thus, all of the documents and other evidence related to the initial hospitalization of J.R. and to the allegedly negligent medical procedure, are located in Waco, as are

the records relating to the doctors and nurses who were involved in the medical procedure on J.R. Hillcrest represents, and Plaintiffs do not dispute, there are no known records of Hillcrest stored in Austin or in Travis County. Plaintiffs simply argue this factor should not be given weight—a concept the Court specifically rejects. *See* Pl.'s Resp. at 4 ("This factor plays absolutely no role in this case."). The Court finds this factor weighs in favor of transfer.

### *(2) Availability of Compulsory Process*

The second factor, the availability of compulsory process to secure the attendance of witnesses, refers to Federal Rule of Civil Procedure 45(c)(3)(A)(ii), which requires a court to quash or modify a subpoena if the subpoena necessitates a non-party witness travel more than 100 miles from his residence, place of employment, or place where he or she regularly conducts business. The only exception to this rule is if the court determines the party that issued the subpoena for the non-party witness has shown "a substantial need for the testimony or material that cannot be otherwise met without undue hardship," in which case the witness may be compelled to travel but must be reasonably compensated. Fed. R. Civ. P. 45(c)(A)(ii); (B)(iii).

In the present case, the only non-party witnesses anticipated by either side (except for retained experts) are J.R.'s treating physicians. *See* Pl.'s Resp. at 4; Def.'s Mot. Transfer at 8. Hillcrest represents these witnesses are mainly residents of Waco and the surrounding area, as the majority of them work at Hillcrest, and most of them reside and/or work more than 100 miles from the federal courthouse in Austin, Texas (from which a subpoena would issue). *See* Def.'s Mot. Transfer at 8 (citing Ex. K, listing the health care providers and entities involved in the treatment of J.R.). Of these physicians and health-care entities, the list shows 18 are located in Waco, Texas; 2

are located in Dallas, Texas; 1 is located in Temple, Texas; 1 is located in Garland, Texas; and 1 is located in Hewitt, Texas. *Id.* at Ex. K.

The physicians and other personnel who reside in Waco would most likely be outside the subpoena range of an Austin court, as Austin is a little more than 100 miles from Waco. Furthermore, the physician located in Dallas is Dr. Snodgrass of the Children's Medical Center, who performed surgery on J.R. to fix his alleged injury. Because Dr. Snodgrass is located in Dallas, Texas, it appears he would be outside the subpoena range of a court in the Austin Division, but within the subpoena range for a court in the Waco Division. Thus, although an Austin court might compel the attendance of the non-party witnesses in this case, for the majority of those witnesses who are located in Waco and Dallas, it would require a showing of "substantial need" and "undue hardship" by the party attempting to call the witness. In contrast, a Waco court might compel the attendance of these witnesses without engaging in argument over whether the exception to the general 100-mile rule applies. Accordingly, the Court finds this factor weighs in favor of a transfer to the Waco division.

### *(3) Cost of Attendance for Willing Witnesses*

Plaintiffs represent they and their experts will be traveling from other parts of the state and the country, including Dallas, Texas; Baltimore, Maryland; Oklahoma City, Oklahoma; Houston, Texas; and Boston, Massachusetts. Pl.'s Resp. at 2-3. They represent flights to and from the Waco Regional Airport are much less convenient and almost double in price compared to those to and from Austin's International Airport. They therefore represent a transfer of this case to Waco would unfairly and disproportionately increase the expense to Plaintiffs in getting witnesses to hearings and trial. *Id.* at 3. Furthermore, they represent leaving the case in Austin does not unfairly prejudice any

parties or witnesses in Waco, Texas, as their only need to travel will be for the trial, and the short drive or flight from Waco to Austin does not clearly outweigh Plaintiffs' right to their choice of venue.

Hillcrest represents, however, the key witnesses in this case will be the employees of Hillcrest and the individual healthcare providers who cared for J.R. in Waco, Texas. Def.'s Mot. Transfer at 5. Plaintiffs contend J.R. was injured by the actions of Dr. Sanchez, Dr. Barry, Nurse Moody, and Dr. Gordon. *See* Compl. at ¶¶ 11-19. All of these individuals, according to Defendant Gordon, reside in the Waco Division and would be substantially interrupted in their medical practices if continuously forced to make the round-trip journey to Austin to attend the trial in this case. *See* Def. Gordon's Mot. to Change [#22] at Ex. A ("Gordon Aff."). Plaintiffs do not dispute the relevant medical personnel listed above live and work in the Waco Division.

Finally, because Dr. Snodgrass lives and works in Dallas, Texas, Defendants assert it is "obvious" Waco is a more convenient location for him. But based on Plaintiffs' representations about the cost and convenience of the Austin versus the Waco Airport, the Court finds Dr. Snodgrass will likely be equally inconvenienced either way. Because Defendants represent the majority of the medical service providers who are fact witnesses in this case live in the Waco Division, and will be inconvenienced by coming to Austin, and Plaintiffs represent they live in Austin and they and their experts will be inconvenienced by traveling to and from Waco, the Court finds this factor does not favor either side.

### *(4) All other practical problems*

Finally, "[t]aking into account all other practical problems that make trial of a case easy, expeditious and inexpensive," *in re Volkswagen II*, 545 F.3d at 317, the Court finds the fact Waco

is the forum where Hillcrest is headquartered and where the facts of this case took place makes it slightly more likely a transfer would eventually minimize the inconvenience to all involved. Thus, this factor weighs slightly in favor of transfer. Taken in sum, the Court finds because the location of records and the availability of compulsory process favor transfer of this case to the Waco Division, and because no private interest factor favors Plaintiffs, the private interest factors together weigh in favor of transfer.

    **c.**    **Public Interest Factors**

The public interest factors also favor a transfer to Waco. The Austin Division of the Western District has a docket with far more civil cases than the Waco Division.[2] Secondly, the Waco Division has far more local interest in adjudicating a case about a hospital and physicians located within its geographical borders than the Austin Division does, especially because almost all of the persons involved are residents of and are employed in the Waco Division. Therefore, the local interest factor weighs in favor of transfer. The other public interest factors—the familiarity of the forum with the law that will govern the case and the avoidance of unnecessary problems in conflict of laws—do not apply in this case. Thus, all the relevant public factors are in favor of a transfer.

    **d.**    **Plaintiffs' Choice of Forum**

The Court notes the Plaintiff's choice of forum is normally a strong factor to consider in resolving venue disputes. But "[w]here the plaintiff's chosen forum has no factual nexus to the case, that choice carries little significance if other factors weigh in favor of transfer." *See Hanby v. Shell Oil Co.*, 144 F.Supp.2d 673, 677 (E.D. Tex. 2001) (*Robertson v. Kiamichi RR Co., L.L.C.*, 42 F.Supp.2d 651, 656 (E.D. Tex. 1999)). In other words, deference is "lessened" where the operative

---

[2]The Austin Division received 1,051 civil case filings in 2007 alone.

facts of the dispute occur outside the plaintiff's chosen forum. *Icon Indus. Controls Corp. v. Cimetrix, Inc.*, 921 F.Supp. 375, 383 (W.D. La. 1996). The Fifth Circuit recently commented, for instance, that a district court's denial of a motion to transfer venue "when the only connection between the case and the plaintiffs' chosen venue was the plaintiffs' choice to file there," was "a clear example of extraordinary errors," including those of "misconstruing the weight of the plaintiffs' choice of venue, treating choice of venue as a § 1404(a) factor, misapplying the relevant factors, disregarding the specific precedents of this Court, and glossing over the fact that not a single relevant factor favored the chosen venue." *In re Beazley Ins. Co.*, 2009 WL 205859 at *6 n. 41 (5th Cir. Jan. 29, 2009) (citing *In re Volkswagen II*, 545 F.3d at 318) (internal quotations omitted).

In this case, the Court will refrain from those extraordinary errors delineated by the Fifth Circuit. The Court respects Plaintiffs' very real interest in keeping this case in their home forum. But the Court cannot ignore or gloss over the fact it has found—based on a thorough review of the record—not a single private or public interest factor weighs against transfer, and many weigh in favor of it. Thus, this Court cannot blindly respect Plaintiffs' choice of forum, while ignoring the factors the Fifth Circuit has set forth as relevant to a § 1404(a) determination. The Fifth Circuit has stated when the defendant has demonstrated "that the transferee venue is clearly more convenient, it has shown good cause [to override the plaintiff's choice] and the district court should therefore grant the transfer." *In re Volkswagen II*, 545 F.3d at 315. Defendants have done so in this case.

e.  **Interests of Justice**

The Court notes a transfer must also be "in the interest of justice" under § 1404(a). "[I]t is well established that the interest of justice is a factor ... to be considered on its own and is an extremely important one." *Chapman v. Dell, Inc.*, 2009 WL 1024635 at *6 (W.D. Tex. 2009) (citing

15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3854 (2d ed. 1995). But Plaintiffs present no reason why this transfer would be against the interest of justice, and the Court cannot conceive of one, as the case is in its early stages, and is not related to any other case pending on its docket. Thus, the Court finds a transfer would affirmatively serve the cause of justice by bringing this case into the appropriate district, where many of the parties and witnesses reside and where the events in question took place.

Because both the private and public interest factors weigh in favor of transfer and the transfer is in the interest of justice, the Court finds Defendants' motions to change venue should be GRANTED.

## CONCLUSION

In accordance with the foregoing,

IT IS ORDERED that Defendant Hillcrest Baptist Medical Center's Motion to Transfer Case to the Waco Division [#18] is GRANTED.

IT IS FURTHER ORDERED that Defendant Carole Gordon M.D. and Carole L. Gordon, M.D., P.A.'s Motion to Change Venue [#22] is GRANTED.

IT IS FINALLY ORDERED that the above-styled cause is hereby TRANSFERRED to the Waco Division of the Western District of Texas.

SIGNED this the 30th day of November 2009.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE